IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE AIRCOIL COMPANY, INC.   :
                                  :
                v.                :    CIVIL NO. CCB-09-18
                                  :
EVAPCO, INC.                      :
….o0o….

## MEMORANDUM

In this patent case, the parties dispute claim construction. A *Markman* hearing was held December 18, 2009. Considering the holidays and the other matters on the court's calendar, there has not been time to write a full *Markman* opinion. Recognizing, however, that claim construction may affect the discussions at the settlement conference scheduled before Magistrate Judge Susan K. Gauvey on January 29, 2010, I am choosing to provide the constructions I have arrived at, based on counsels' thorough briefing and argument, without extended explanation at this time. For the most part, I agree with the positions expressed by plaintiff BAC.

Further, I will not construe terms the parties agree upon, nor will I repeat the agreed-upon statement that "Any structures equivalent to this structure under 35 U.S.C. § 112, ¶ 6 would also qualify as corresponding structures."

`382 Patent, Claim 1

a)  Claim Term: "integral indirect evaporative heat exchange section"

Construction: "an indirect evaporative heat exchange section that is built-in or part of a heat exchange apparatus that also contains the direct heat exchange section"

Evapco's "single coil" construction is not persuasive as compared to BAC's single structure construction.

b) Claim Term: "means…for spraying a generally uniform temperature evaporative liquid generally downwardly…."

Construction: "water distribution arms with nozzles or sprays"

BAC's proposed construction that would include any water distribution system is too broad; Evapco's construction is too limited.

c) Claim Term: "spraying"

Construction: (plain and ordinary meaning) "dispersing a liquid in a mass or jet of droplets or discharging a fine jet of liquid from a pressurized container"

I find no support for Evapco's position that spraying is limited to discharging liquid in the form of "fine" particles or droplets.

d) Claim Term: "generally uniform temperature evaporative liquid"

Construction: none required

Evapco's construction would give no meaning to the word "generally".

e) Claim Term: "generally downwardly" as part of the claim element "…spraying a…liquid generally downwardly across said…circuits"

Construction: none required

Evapco's construction, requiring the liquid to be "directed below a horizontal plane" as it leaves the source (hearing slide 57) rather than simply sprayed from above the top side of the indirect section, is too limited.

f) Claim Term: "said indirect heat exchange section air stream flowing concurrent with said evaporative liquid"

Construction: "the air stream in the indirect heat exchange section flows generally in the same direction as the evaporative liquid"

Evapco's construction requiring "all" the air to move in the same direction as the liquid ignores the supplementary air outlet.

g) Claim Term: "substantially all of said evaporative liquid"

Construction: none required

h) Claim Term: "uniform temperature liquid is no longer preserved" as part of the claim element "providing a means for pumping substantially all of said collected evaporative liquid upwardly to said integral indirect evaporative heat exchange section for redistribution without modifying said redistribution in a manner such that said uniform temperature evaporative liquid is no longer preserved"

Construction: "providing a means for pumping substantially all of the collected evaporative liquid upwardly to the integral indirect evaporative heat exchange section for redistribution without modifying the general uniformity of the evaporative liquid temperature"

`685 Patent, Claim 1

a) Claim Term:  "depression area"

Construction: none required

b)Claim Term: "point of overlap"

Construction:  none required

c) Claim Term: "coinciding with the point of overlap"

Construction: (plain and ordinary meaning) "situated at the point of overlap"

d) Claim Term: "nest in the at least one depression area"

Construction: (plain and ordinary meaning) "fits compactly together in at least one area of depression"

Claim 11

e) Claim Term: "dimple" as part of the claim element "wherein the depression area is formed by a dimple"

Construction: "indentation"

      I do not see a basis for limiting the indentation to one that is "slight" (BAC); nor to one that is "approximately symmetrical about its center point" (Evapco).

Claim 20

f) Claim Term: "each depression area defining a region of reduced diameter"

Construction: "each depression area has a region with a diameter across the tube cross-section in the stacking or overlapping direction that is smaller than the diameter of the non-depressed region of the return bend"

      I do not find that "overlapping" requires "touching".

Claim 22

g) Claim Term: "the region of reduced diameter is provided only around the point of overlap in the return bends"

Construction: "the region of reduced diameter is provided only around the point where the adjacent return bends overlap with each other"

    A copy of this Memorandum will be provided to Judge Gauvey as well as counsel.


|   January 11, 2010   |           /s/           |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |